FILED

2010 AUG -3 AM 11: 35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA M. KERR,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. 10-cv-1612 BEN<br><br>ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR PRELIMINARY INJUNCTION |

## INTRODUCTION

Before the Court is Plaintiff Linda Kerr's Petition for Temporary Injunction ("Application") filed in connection with Plaintiff's Complaint. The Application is filed *ex parte* and includes a supporting declaration from Plaintiff. Pursuant to the Application, Plaintiff requests a temporary restraining order ("TRO") enjoining Defendant from foreclosing on or taking any action with regard to Plaintiff's real property located at 10760 Esmeraldas Drive, San Diego, California. *Id.* According to the Application, and as reflected on the record, Defendant has not yet received notice of the Application or service of the Complaint. For the reasons discussed below, the Application for a temporary restraining order is DENIED.

## DISCUSSION

**I.　TEMPORARY RESTRAINING ORDER**

The "circumstances justifying the issuance of an ex parte order are extremely limited" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and

- 1 -

an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, (1974)(finding a TRO was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless). Federal Rule of Civil Procedure 65 outlines the "stringent restrictions imposed" for TROs issued ex parte. *Id.*

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Plaintiff has met neither requirement. The only affidavit presented to the Court providing specific facts in support of Plaintiff's motion is Plaintiff's Declaration. The Declaration does not provide specific facts that clearly show that "immediate and irreparable injury, loss, or damage" will result before Defendants can be heard in opposition. *Id.* The only possible irreparable harm reflected in the Declaration is that Defendant may foreclose on the property. However, there is no evidence of this potential foreclosure or the prospective date thereof.

Plaintiff has also failed to meet the second requirement of Rule 65(b)(1). Neither Plaintiff nor Plaintiff's counsel (if any) has certified in writing any efforts to give notice to Defendant or reasons why notice should not be required before a TRO is issued. Plaintiff has also not demonstrated that notice is impossible or fruitless, as required for an *ex parte* TRO. *Reno Air Racing*, 452 F.3d at 1131.

Plaintiff has also not provided the Court with the information necessary to issue a TRO that complies with Rule 65(b)(2). "Every temporary restraining order issued without notice must . . . describe the injury and state why it is irreparable [and] state why the order was issued without notice." Fed. R. Civ. P. 65(b)(2). As previously discussed, the only potential irreparable injury is foreclosure. However, Plaintiff has not provided the Court with information regarding this foreclosure or otherwise explaining why notice would be impossible or fruitless.

Because Plaintiff has not met any of the requirements for a TRO or provided the Court with the necessary information to issue a TRO, the Application is DENIED.

## II.  PRELIMINARY INJUNCTION

Plaintiff's Application includes a request for a hearing for a Preliminary Injunction. Rule 65(a)(1) mandates that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Accordingly, to have her request for a preliminary injunction set for hearing, Plaintiff must serve Defendant with all documents she has filed in this matter, including the Complaint, the Application, and this Order **by August 12, 2010** and file proof of service **by August 17, 2010.**

If the documents are timely served and proof of service filed, the request for a preliminary injunction will be set for hearing **on September 27, 2010.** Briefing shall comply with Civil Local Rule 7.1. If all documents filed in this matter are not served as directed, the matter will not be heard on September 27, 2010. Rather, Plaintiff must obtain the next available hearing date from chambers that complies with the requirement of Civil Local Rule 7.1.

## CONCLUSION

Plaintiff's Application for a TRO is **DENIED.**

**IT IS SO ORDERED.**

DATED: August 2, 2010

Hon. Roger T. Benitez
United States District Judge