FILED

10 AUG -9 AM 10:06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA M. KERR,<br><br>                    Plaintiff,<br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING INC.,<br><br>                    Defendant. | CASE NO. 10-cv-1612 BEN<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

    Before the Court is Plaintiff Linda Kerr's Motion for Reconsideration of this Court's order denying Plaintiff's request for a temporary restraining order ("TRO"). The Court's prior order was entered on August 3, 2010 and was based, in part, on Plaintiff's failure to comply with applicable TRO notice requirements and failure to provide evidence of irreparable harm or injury absent a TRO. Plaintiff claims she has now complied with those requirements and, therefore, the Court should issue a TRO to prevent a foreclosure on her real property. For the reasons set forth below, the Motion for Reconsideration is **DENIED**.

## DISCUSSION

    "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)); *see also* CivLR 7.1.i.1

(a motion for reconsideration must set forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."). Although Plaintiff does not appear to qualify for reconsideration under any of these elements, for purposes here, the Court assumes the Motion is made under the first element. To show compliance with the Court's notice requirements, Plaintiff submits proof that she served a copy of the Complaint and TRO application, among other documents, on Defendant. (Docket No. 6.) To show irreparable harm or injury, Plaintiff submits a copy of the Notice of Default and a printout of an "LPS Agency Sales and Posting" purportedly showing that her property is scheduled for a foreclosure sale on August 13, 2010.

Based on the new facts presented by Plaintiff, the Court finds Plaintiff has satisfied the notice requirements for a TRO against Defendant. However, the Court finds Plaintiff has not demonstrated a risk of irreparable harm or injury absent a TRO. Fed. R. Civ. P. 65(b) (a TRO will only issue if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result. . .") "Clearly, loss of a home is a serious injury." *Alcaraz v. Wachovia Mortgage FSB*, 592 F. Supp. 2d 1296, 1301 (E. D. Cal. 2009). Here, even if the Court were to assume that the Notice of Default and printout are correct, these documents do not show a potential foreclosure by Defendant. Rather, at most, the documents show a potential foreclosure by a separate entity known as Default Resolution Network. The relationship between Defendant and this other entity, if any, is unknown and is not set forth in Plaintiff's Complaint or in the record in this case. Plaintiff provides no other evidence of an immediate or irreparable injury purportedly caused by Defendant which this Court may enjoin. Accordingly, Plaintiff has failed to demonstrate that grounds exist for a TRO against Defendant.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

Date: August __, 2010

Hon. Roger T. Benitez
United States District Court Judge