```
                                          FILED
                                    2010 SEP 23  AM 10: 34
                                    CLERK US DISTRICT COURT
                                  SOUTHERN DISTRICT OF CALIFORNIA

                                  BY _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA M. KERR,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 10-cv-1612 BEN (AJB)<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[Docket No. 11] |

Before this Court is Defendant American Home Mortgage Servicing, Inc.'s ("AHMS'") Motion to Dismiss. (Docket No. 11) For the reasons stated herein, the Motion is **GRANTED**.

## BACKGROUND

This action arises from the purchase of residential real property located at 10760 Esmeraldas Drive, San Diego, California. (Compl., 1.) The purchase occurred on or around October 26, 2006. (RJN, Ex. 1.) AHMS currently services the loan. (RJN, Exs. 1-4.[1]) AHMS neither originated the loan, nor acted as the beneficiary thereunder. *Id.*

On August 2, 2010, Plaintiff initiated this action against American Home Mortgage Servicing, Inc. (Docket No. 1.) AMHS is the only named defendant. *Id.* Plaintiff's Complaint includes mostly general allegations of fraud and other misconduct by lenders in the mortgage company. (Compl., 2-

---

[1] The Court grants AHMS' request for judicial notice of Exhibits 1 through 4, as these exhibits are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned and, in fact, have not been questioned by Plaintiff in this case. Fed. R. Evid. 201(b). The Court denies judicial notice of Exhibits 5 and 6 on the grounds that those exhibits do not satisfy the standard set forth in Federal Rule of Evidence 201(b).

19.) To the extent any identifiable claims are alleged against AMHS, the Court construes them to include: (1) violation of the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 et seq. ("RESPA"); (2) violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); (3) violation of the Federal Trade Commission Act, 15 U.S.C. § 45 et seq. ("FTCA"); (4) lack of standing; (5) criminal conspiracy; (6) unjust enrichment; (7) breach of fiduciary duty; (8) negligence; (9) fraud; (10) breach of implied good faith and fair dealing; and (11) intentional infliction of emotional distress.

On August 24, 2010, AMHS filed the Motion currently before the Court. (Docket No. 11.) Plaintiff filed an opposition, and AMHS filed a reply. (Docket Nos. 13, 14.) The Court finds the Motion suitable for disposition without oral argument pursuant to CivLR 7.1.d.1.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556. Applying that standard here, the Court finds that Plaintiff's complaint is legally insufficient to state any claim for relief against AHMS.

### I.   VIOLATION OF RESPA

Plaintiff alleges AMHS violated RESPA by failing to provide certain disclosures during the loan origination process. (Compl., 12-13.)

Disclosure obligations during the loan origination process are set forth in RESPA section 2604. 12 U.S.C. § 2604. Courts have consistently held, however, there is no private right of action for alleged RESPA disclosure violations during the loan origination process. *See, e.g., Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997) (no private right of action for alleged Section 2604 violations); *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1232-33 (S.D. Cal. 2009) (same); *Brittain v. IndyMac Bank, FSB*, No. C-09-2953, 2009 WL 2997394, at *2 (N.D. Cal. September 16, 2009) (same). These courts note that the inclusion of remedies in certain RESPA provisions, but their omission in others such as Section 2604, is strong evidence that Congress did not intend to provide a private remedy for violations of Section 2604. *Id.* The disclosure violations of RESPA that do

confer a private right of action do not pertain to disclosures at a loan's origination and, therefore, are not applicable here. *See Lopez v. Wachovia Mortg.*, No. 09-cv-1510, 2009 WL 4505919, *3 (E.D. Cal. November 20, 2009). Because Plaintiff does not have a private right of action, the Court finds that Plaintiff's RESPA claims fail to state a claim upon which relief may be granted.

As no amendment can correct this deficiency, the Court dismisses Plaintiff's RESPA claims with prejudice. The Court does not address the alleged insufficiency of Plaintiff's RESPA allegations, as that issue is moot.

## II. VIOLATION OF TILA

Plaintiff also alleges TILA violations under 15 U.S.C. § 1601 et seq. Under this cause of action, Plaintiff seeks damages, as well as rescission. (Compl., 22.)

### A. TILA Damages

It is well-settled that a TILA claim for damages commences at the time of the disclosure violation, i.e., when the loan was issued or consummated, and is barred after one year. 15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

Here, Plaintiff alleges AMHS violated TILA by failing to disclose the payment and other terms of the loan during the loan origination process. (Compl., 22.) It is undisputed that the loan closed in October 2006. (RJN, Ex. 1; Reply, Exs. 1-2.) Nonetheless, Plaintiff waited until August 2010, almost four years later, to file her claim. (Docket No. 1.) Therefore, on its face, Plaintiff's claim for TILA damages is barred by the statutes of limitations.

Plaintiff argues equitable tolling applies. (Compl., 14.) Under Ninth Circuit law, equitable tolling applies where "the general [limitations] rule would be unjust or frustrate the purpose of [TILA]." *See, e.g., King*, 784 F.2d at 915. "To receive equitable tolling, a [plaintiff] bears the burden of showing '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Here, there is no evidence that Plaintiff exercised due diligence or made any attempt to investigate or discover the basis of her claims earlier. The Court also notes that the loan was executed almost four years before Plaintiff filed this action, and Plaintiff was in default under the loan for several months before filing the action. (RJN, Exs. 2, 4.) Being in default under the loan and knowing

she could not afford the loan, Plaintiff was alerted to the possibility of her TILA claim earlier, but failed to investigate or assert it. As such, the Court finds Plaintiff's claim for damages under TILA, 15 U.S.C. § 1601 is barred by the statute of limitations.

### B. TILA Rescission

The purpose of rescission under TILA is to return both parties to the status quo. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170-1172 (9th Cir. 2003). The statute of limitations for rescission is three years. 15 U.S.C. § 1635(f). Unlike a claim for damages, however, equitable tolling does not apply. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998) ("Section 1635(f) . . . talks not of a suit's commencement but of a right's duration"); *accord Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002) ("Section 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period.").

As noted, Plaintiff's loan closed in October 2006, but she did not file her Complaint until August 2010, i.e., almost four years later. Accordingly, Plaintiff's claim for rescission under TILA is untimely.

As no amendment may correct the deficiencies outlined above, the Court dismisses Plaintiff's TILA claims with prejudice.

### III. VIOLATION OF FTCA

Plaintiff alleges AHMS engaged in deceptive conduct in violation of FTCA, 15 U.S.C. § 45. (Compl., 14.) Specifically, Plaintiff alleges AHMS' conduct "comprises a pattern of business activity within the meaning" of FTCA. *Id.*

The FTCA concerns false advertising. It is well-established that there is no private right of action for violation of the FTCA; only the Federal Trade Commission has standing to enforce it. *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (citing *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973)). "To imply a private right of action to enforce the Federal Trade Commission Act–however desirable or logical this might appear in the abstract–would be contrary to the legislative design which we discern to have been deliberately wrought." *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 1002 (D.C. Cir. 1973). Plaintiff does not dispute this contention.

As Plaintiff lacks a right to sue under the FTCA, the Court dismisses her FTCA claims with

prejudice. The Court does not address AHMS' argument that Plaintiff failed to allege any advertising, let alone false advertising, by AHMS because that argument, although meritorious, is moot.

### IV. REMAINING CLAIMS

The remaining claims against AHMS include Plaintiff's claims for: lack of standing, criminal conspiracy, unjust enrichment, breach of fiduciary duty, negligence, fraud, breach of implied good faith and fair dealing, and intentional infliction of emotional distress. Each of these remaining claims is based on state law. Unlike Plaintiff's RESPA, TILA and FTCA claims, the Court does not have original jurisdiction over these claims, but rather has supplemental jurisdiction.

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. §1367. "With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 129 S. Ct. 1862, 1866 (2009) (citations omitted).

> Section § 1367(c) provides:
>
> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, . . .

Pursuant to § 1367(c)(3), when all federal claims are dismissed before trial, a federal court ordinarily should decline to exercise jurisdiction over supplemental state claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966) ("pendant jurisdiction is a doctrine of discretion, not of plaintiff's right . . . . If the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988). The Ninth Circuit has also consistently found that when all federal claims are dismissed, a federal court may, and should, decline to exercise supplemental jurisdiction over the remaining state law claims. *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002); *see also San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide

explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).

Here, a trial date has not yet been set and this case is in its beginning stages. Accordingly, Plaintiff's federal claims are being dismissed well before trial. Based thereon, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff's state law claims are, therefore, dismissed without prejudice to their re-filing in the appropriate court.

## CONCLUSION

In light of the above, Defendant's Motion to Dismiss is GRANTED. Plaintiff's claims under RESPA, TILA and FTCA are dismissed with prejudice. Plaintiff's remaining claims are based on state law and the Court declines to exercise supplemental jurisdiction over them. Accordingly, Plaintiff's remaining claims are dismissed without prejudice to their re-filing in the appropriate court.

**IT IS SO ORDERED.**

Date: September __, 2010

Hon. Roger T. Benitez
United States District Court Judge